**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AT AUSTIN**

| | |
|---|---|
| JOUREY NEWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BKV-BPP RETAIL LLC D/B/A BKV ENERGY<br><br>Defendant. | Case No. 1:25-cv-395<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff Jourey Newell ("Mr. Newell"), by his undersigned counsel, for this class action complaint against Defendant BKV-BPP Retail LLC d/b/a BKV Energy, as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

## I.   INTRODUCTION

1.  <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between

'[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)."
*Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making prerecorded telemarketing calls to cell phones, including his own.

4. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.    PARTIES

5. Plaintiff Newell is an individual who resides in the Pennsylvania.

6. Defendant BKV-BPP Retail LLC d/b/a BKV Energy is a Delaware corporation with its registered agent and principal place of business located in Austin, Texas, in this District.

### III.    JURISDICTION AND VENUE

7. <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8. <u>Personal Jurisdiction</u>: The Court has general personal jurisdiction over Defendant BKV-BPP Retail LLC d/b/a BKV Energy because it is a corporation that has its headquarters and principal place of business in Texas.

9. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a resident of this District.

### IV.    FACTS

**A.    The Enactment of the TCPA and its Regulations**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls

are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.     Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services for which the called party is charged, thus shifting the cost of automated or prerecorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

15.     This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021).

16.     "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices to business lines. *See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

17.     Non-consensual, non-emergency calls placed using an ATDS or an artificial or prerecorded voice violate 47 U.S.C. § 227(b)(1)(A), regardless of the purpose of the call. *Victory*

4

*Phones*, 2021 WL 3007258, at *6 (rejecting claim that noncommercial survey calls were exempt and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and prerecorded voice calls to a variety of telephone numbers."). To hold otherwise would read the words "any person" and "any call" out of the statute. *See id*.

**B.  Unsolicited Telemarketing to Plaintiff**

18.  Plaintiff Newell is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19.  Plaintiff's residential cellular telephone number is (484)-XXX-XXXX, is on the National Do Not Call Registry, and has been for more than a year prior to the calls at issue.

20.  Ms. Newell uses the number for personal, residential, and household reasons.

21.  The number is a residential telephone line because it is assigned to a cellular telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

22.  Plaintiff Newell never consented to receive calls from Defendant.

23.  Plaintiff Newell never did business with the Defendant.

24.  Despite this, Plaintiff received a total of at least two automated, prerecorded telephone calls from Defendant.

25.  The first such call was received on October 24, 2024, went to voicemail, and played a pre-recorded message voiced by two different voices:

> Hi, this is Elijah calling from BKV Energy as a courtesy to verify your account information. If we're not able to verify this information, your account may be subject to disconnection or termination. Please contact BKV Energy at 1-855-258-4797 as soon as possible to avoid service interruption. Thank you.

26. A different voice then played:

> If you have an extra minute and would like to rate the quality of your call, please stay in the call for a short customer satisfaction survey. How would you rate your overall satisfaction with your experience today between 1 and 10? 1 poor, 10 excellent. How would you rate your overall satisfaction with your experience today between 1 and 10? 1 poor, 10 excellent. Your opinion is very important for us. Thanks for solving the survey.

27. Thereafter, the Plaintiff received a call on November 8, 2024, which also played the same exact pre-recorded messages voiced by two different voices, which were identical to the October 24 call:

> Hi, this is Elijah calling from BKV Energy as a courtesy to verify your account information. If we're not able to verify this information, your account may be subject to disconnection or termination. Please contact BKV Energy at 1-855-258-4797 as soon as possible to avoid service interruption. Thank you.
>
> If you have an extra minute and would like to rate the quality of your call, please stay in the call for a short customer satisfaction survey. How would you rate your overall satisfaction with your experience today between 1 and 10? 1 poor, 10 excellent. How would you rate your overall satisfaction with your experience today between 1 and 10? 1 poor, 10 excellent. Your opinion is very important for us. Thanks for solving the survey.

28. The calls were clearly pre-recorded calls using pre-recorded voices because (a) the first voice was obviously not aware that it was being played to a voicemail, resulting in the subsequent playing of the "survey," (b) it would be illogical for a human to send the call to a survey if it knew it had just left a voicemail, (c) both voices on both calls played the same message with the same timing, cadence, pauses, and breaths, and (d) humans obviously have no ability to interpret touch tones.

29. Thereafter, the Plaintiff contacted Defendant BKV to ascertain why he received illegal calls, BKV stated that they had an account with the Plaintiff's telephone number and told the Plaintiff to file a police report.

30. When Plaintiff pressed the Defendant for more information, the Defendant simply responded with a form email stating, "[W]e kindly ask for a copy of the police report. As we discussed, this situation may involve fraudulent use of your information, and having the report will help us ensure the appropriate actions are taken."

31. The Plaintiff never opened an account with the Defendant or authorized anyone to do so on his behalf.

32. The calls were unwanted.

33. The calls were nonconsensual encounters.

34. Plaintiff's privacy has been violated by the above-described prerecorded calls.

35. Plaintiff never provided his consent or requested the calls.

36. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## V.    CLASS ACTION ALLEGATIONS

37. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint to trial, but (4) who were not customers of the Defendant.

38.     Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

39.     The Class, as defined above, are identifiable through telephone records and telephone number databases.

40.     The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

41.     Individual joinder of these persons is impracticable.

42.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

43.     Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

44.     Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

45.     This class action complaint seeks injunctive relief and money damages.

46.     There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a.     Whether Defendant systematically used systems to send calls using artificial or pre-recorded voices;

   b. whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

   c. whether Defendant made telephone solicitations to members of the Texas Business and Commerce Code class without the required registration; and

   d. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

47. Plaintiff's claims are typical of the claims of the Class, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

48. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

49. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

50. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple

individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

51. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act
(Violations of 47 U.S.C. § 227(b))
(On Behalf of Plaintiff and the Robocall Class)**

52. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

53. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

54. The Defendant's violations were negligent, willful, or knowing.

55. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

56.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.   Certification of the proposed Class;

B.   Appointment of Plaintiff as representative of the Class;

C.   Appointment of the undersigned counsel as counsel for the Class;

D.   An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls using artificial or prerecorded voice, absent an emergency circumstance;

E.   An award to Plaintiff and the Class of damages, as allowed by law; and

F.   Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI.     DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this March 15, 2025.

>  */s/ Andrew Roman Perrong*
>  Andrew Roman Perrong, Esq.
>  Perrong Law LLC

11

        2657 Mount Carmel Avenue
        Glenside, Pennsylvania 19038
        Phone: 215-225-5529 (CALL-LAW)
        Facsimile: 888-329-0305
        a@perronglaw.com

        */s/ Anthony Paronich*
        Anthony Paronich
        Email:  anthony@paronichlaw.com
        PARONICH LAW, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        Telephone:  (617) 485-0018
        Facsimile:  (508) 318-8100

        *Attorneys for Plaintiff and the Proposed Class*