IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AT AUSTIN

| | |
|---|---|
| JOUREY NEWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BKV-BPP RETAIL LLC D/B/A BKV ENERGY,<br><br>Defendant. | Case No. 1:25-cv-00395-ADA-DH |

**<u>DEFENDANT BKV-BPP RETAIL LLC'S ANSWER TO PLAINITFF'S CLASS ACTION COMPLAINT</u>**

Defendant BKV-BPP Retail LLC ("BKV"), submits the following Answer and Affirmative Defenses to Plaintiff Jourey Newell's ("Plaintiff") Class Action Complaint ("Complaint," ECF 1):

**I.   INTRODUCTION[1]**

1. Paragraph 1 contains statements of law to which no response is required. To the extent Paragraph 1 contains factual allegations, any such allegations are denied.

2. Paragraph 2 contains statements of law to which no response is required. To the extent Paragraph 2 contains factual allegations, any such allegations are denied.

3. In response to Paragraph 3, BKV admits that Plaintiff has brought this action under the Telephone Consumer Protection Act but denies the remainder of Paragraph 3.

---

[1] BKV adopts the Complaint's headings for the sake of clarity only. No admissions are intended or made based on the use of the headings.

4. In response to Paragraph 4, BKV admits that Plaintiff brought this action on behalf of a proposed nationwide class but denies the remainder of Paragraph 4.

## II. PARTIES

5. BKV lacks knowledge sufficient to admit or deny the allegations in Paragraph 5.

6. In response to paragraph 6, BKV admits it is a Delaware limited liability company with a principal place of business of Denver, Colorado. BKV denies the remaining allegations in Paragraph 6.

## III. JURSIDICTION AND VENUE

7. In response to Paragraph 7, BKV admits the Court has subject matter jurisdiction.

8. In response to Paragraph 8, BKV admits the Court has personal jurisdiction over it.

9. In response to Paragraph 9, BKV admits that venue is proper in this district.

## IV. FACTS

10. Paragraph 10 contains statements of law to which no response is required. To the extent this Paragraph contains any factual allegations, BKV denies them.

11. Paragraph 11 contains statements of law to which no response is required. To the extent this Paragraph contains any factual allegations, BKV denies them.

12. Paragraph 12 contains statements of law to which no response is required. To the extent this Paragraph contains any factual allegations, BKV denies them.

13. Paragraph 13 contains statements of law to which no response is required. To the extent this Paragraph contains any factual allegations, BKV denies them.

14. Paragraph 14 contains statements of law to which no response is required. To the extent this Paragraph contains any factual allegations, BKV denies them.

15. Paragraph 15 contains statements of law to which no response is required. To the extent this Paragraph contains any factual allegations, BKV denies them.

16. Paragraph 16 contains statements of law to which no response is required. To the extent this Paragraph contains any factual allegations, BKV denies them.

17. Paragraph 17 contains statements of law to which no response is required. To the extent this Paragraph contains any factual allegations, BKV denies them.

18. BKV lacks knowledge sufficient to admit or deny the allegations in Paragraph 18.

19. BKV lacks knowledge sufficient to admit or deny the allegations in Paragraph 19.

20. BKV lacks knowledge sufficient to admit or deny the allegations in Paragraph 20.

21. BKV lacks knowledge sufficient to admit or deny the allegations in Paragraph 21.

22. BKV lacks knowledge sufficient to admit or deny the allegations in in Paragraph 22.

23. BKV lacks knowledge sufficient to admit or deny the allegations in Paragraph 23.

24. In response to Paragraph 24, BKV admits that it made two calls to Plaintiff. BKV denies the remaining allegations in Paragraph 24.

25. In response to Paragraph 25, BKV admits that it, or an entity acting on its behalf, called Plaintiff on Oct. 24, 2024 and that an individual left a message. BKV denies the remaining allegations in Paragraph 25

26. BKV lacks knowledge sufficient to admit or deny the allegations in Paragraph 26.

27. In response to Paragraph 27, BKV admits that it, or an entity acting on its behalf, called Plaintiff on Nov. 28, 2024. BKV lacks knowledge sufficient to admit or deny the allegation that the voices were identical to any prior call. BKV denies that the calls to Plaintiff constitute "artificial or prerecorded voice" calls under the Telephone Solicitation Act.

28. BKV denies the allegations in Paragraph 28.

29. In response to Paragraph 29, BKV admits Plaintiff contacted BKV and that it had an account with Plaintiff's phone number. BKV lacks knowledge sufficient to admit or deny the remaining allegations in Paragraph 29.

30. BKV denies the allegations in Paragraph 30.

31. BKV lacks knowledge sufficient to admit or deny the allegations in Paragraph 31.

32. BKV lacks knowledge sufficient to admit or deny the allegations in Paragraph 32.

33. BKV denies the allegations in Paragraph 33.

34. BKV denies the allegations in Paragraph 34.

35. BKV lacks knowledge sufficient to admit or deny the allegations in Paragraph 35.

36. BKV denies the allegations in Paragraph 36.

### V.   CLASS ACTION ALLEGATIONS

37. In response to Paragraph 37, BKV admits the Complaint is a putative class action complaint, but denies the Complaint's class definition is proper, denies the proposed class and class certification is proper, and denies any implied factual allegations within the class definition.

38. Paragraph 38 contains no factual allegations and requires no response. To the extent this Paragraph contains any factual allegations, BKV denies them.

39. BKV denies the allegations in Paragraph 39.

40. BKV denies the allegations in Paragraph 40.

41. BKV denies the allegations in Paragraph 41.

42. BKV denies the allegations in Paragraph 42.

43. BKV denies the allegations in Paragraph 43.

44. BKV denies the allegations in Paragraph 44.

45. BKV admits the Complaint seeks injunctive relief and money damages. BKV denies that Plaintiff or any putative class member are entitled to any injunctive relief or money damages.

46. BKV denies the allegations in Paragraph 46 and each of its subparagraphs.

47. BKV denies the allegations in Paragraph 47.

48. BKV lacks knowledge sufficient to admit or deny the allegations in Paragraph 48.

49. BKV denies the allegations in Paragraph 49.

50. BKV denies the allegations in Paragraph 50.

51. BKV denies the allegations in Paragraph 51.

## FIRST CAUSE OF ACTION

52. In response to Paragraph 52, BKV incorporates its responses above herein.

53. BKV denies the allegations in Paragraph 53.

54. BKV denies the allegations in Paragraph 54.

55. BKV denies the allegations in Paragraph 55.

56. BKV denies the allegations in Paragraph 56.

## PRAYER FOR RELIEF

57. BKV denies Plaintiff or any putative class member is entitled to any relief requested in the WHEREFORE paragraph or any of its subparagraphs.

58. BKV denies any and all allegations not expressly admitted in the preceding paragraphs.

## AFFIRMATIVE DEFENSES

1. The Complaint may fail to state a claim upon which relief can be granted.

2. Plaintiff and any putative class member's claims may be barred, in whole or part, because Plaintiff and putative class members provided the requisite consent.

4906-5840-7487.6

3. Plaintiff and any putative class member cannot recover from BKV under a class action to the extent that class recovery would deprive BKV of its due process rights to assert individualized defenses to claims of each putative class member.

4. Plaintiff and any putative class member's claims may be barred, in whole or in part, due to estoppel, laches, waiver, and unclean hands.

5. Plaintiff and any putative class member's claims may be barred, in whole or in part, due to fraud.

6. Plaintiff fails to allege the prerequisites for equitable relief.

7. Plaintiff and any putative class member's claims for equitable relief are barred because they have an adequate remedy at law.

8. BKV reserves the right to assert additional affirmative defenses.

**WHERFORE**, BKV respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in favor of BKV, and award BKV all relief to which it is entitled.

4906-5840-7487.6

Dated: May 9, 2025

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: /s/ *Kristen H. Luck*
    W. Ray Whitman
    State Bar No. 21379000
    rwhitman@bakerlaw.com
    Kristen H. Luck
    Texas Bar No. 24104027
    kluck@bakerlaw.com
    BAKER & HOSTETLER LLP
    811 Main Street, Suite 1100
    Houston, TX 77002-6111
    Telephone: 713.751.1600
    Facsimile:  713.751.1717

**ATTORNEYS FOR DEFENDANT
BKV-BPP RETAIL LLC**

## CERTIFICATE OF SERVICE

    In accordance with the Federal Rules of Civil Procedure, I hereby certify that on May 9, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send electronic notice of this filing to all counsel of record in this matter.

    /s/ *Kristen H. Luck*
    Kristen H. Luck

4906-5840-7487.6